**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-41452

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JAMES BURDETTE NEWTON,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
(4:97-CV-101)

April 12, 1999

Before EMILIO M. GARZA, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

James Burdette Newton ("Newton"), a federal prisoner proceeding *pro se*, appeals the denial of his motion to vacate, set aside or correct his sentence filed pursuant to 28 U.S.C. § 2255. We granted Newton a certificate of appealability to consider whether Newton's trial counsel was ineffective for opening the door

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

to admission of Newton's prior conviction for armed robbery.  We affirm.

Newton is serving a 78 month sentence for conspiracy to manufacture and possess with intent to distribute marijuana. Evidence at the jury trial of Newton and his co-defendants established that there was an extensive marijuana cultivation and distribution conspiracy, wherein large amounts of marijuana were grown in Texas and Oklahoma and distributed primarily in California.  Newton's role in the conspiracy included purchasing real estate for one of the marijuana farms and deeding it to the conspiracy's leader, as well as setting up a mobile home and utilities on that farm.

During cross-examination of a government witness, Newton's trial counsel asked if Newton had always made an above-average honest living.  The prosecutor took the witness on voir dire and elicited that the witness knew that Newton had been previously convicted of armed robbery.  The district court allowed that evidence to be presented to the jury.  Newton argues that his counsel was ineffective because he opened the door to the introduction of this prior conviction.

To obtain § 2255 relief based on ineffective assistance of counsel, the defendant must prove that counsel's performance was both deficient and prejudicial to him.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional

2

judgment." *Id.* at 690. To establish prejudice, the defendant must show that counsel's errors were serious enough to "render[] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

The district court found that trial counsel was not deficient for trying to introduce evidence of Newton's good character. We agree. Apparently, Newton's theory of defense was that he was an honest businessman who bought the real estate in question without any involvement with the production of marijuana. The witness persisted in his testimony that Newton made an above-average, honest living, even after the government introduced the prior conviction. While in hindsight this may not have been an effective strategy, trial counsel's tactical decision to risk the jury knowing the whole story in order to flesh out Newton's defense theory did not deprive Newton of his constitutional right to assistance of counsel. *See Emery v. Johnson*, 139 F.3d 191, 197 (5th Cir. 1997)(holding that the Sixth Amendment does not guarantee criminal defendants the right to error-free representation).

Further, Newton's contention that, had his counsel investigated, he would have discovered that the prior armed robbery conviction was uncounseled, and thus inadmissible, is unsupported by any evidence in the record before us.

For the foregoing reasons, we affirm the district court's denial of Newton's § 2255 motion.

AFFIRMED.